The document below is hereby signed.

Signed: May 1, 2017



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA AKERS, | ) | Case No. 16-00600 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARTHA AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-10011 |
| 1368 H STREET, LLC, *et al.*, | ) | |
| | ) | **Not for Publication in** |
| Defendants. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
<u>DISMISSING COMPLAINT AS TO CHAPTER 13 TRUSTEE</u>

On March 10, 2017, the debtor filed a document in the main bankruptcy case titled *Complaint for Wrongful Foreclosure – Fraud Objection toMotion of 1368 H Street, LLC for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to Proceed With Superior Court Litigation*, with the caption referring to 1328 H Street, LLC as the movant and Martha A. Akers and Nancy Spencer Grigsby, Chapter 13 Trustee, as the respondents. The court treated the document as an opposition to 1368 H Street, LLC's

motion for relief from the automatic stay to permit it to proceed with an eviction proceeding against Akers regarding property known as 1368 H Street, NE, Washington, D.C. The court found that the document failed to set forth any basis for denying the motion for relief from the automatic stay, and has granted that motion.

The Clerk's office reports that the debtor later advised that she wanted the document docketed as an adversary proceeding complaint. On April 24, 2017, the Clerk's office docketed the document as a complaint commencing this adversary proceeding, Adversary Proceeding Number 17-10011, and the court is treating Akers as the plaintiff and the other parties as defendants.

1368 H Street, LLC purchased 1368 H Street, NE, Washington, D.C. at a foreclosure sale. Shed of numerous allegations of no consequence, the complaint can be read (1) as alleging that the foreclosing mortgagee, Windward Capital Corporation, failed to give the debtor proper notice of the foreclosure sale, making the sale invalid, and (2) as seeking to declare the sale invalid and to declare Akers to still own the property. That issue, I would think, could be litigated in the eviction proceeding 1368 H Street, LLC brought against Akers, but this court also has jurisdiction to hear the matter as related to the bankruptcy case. Accordingly, I will not dismiss 1328 H Street, LLC as a party.

However, Akers has also pursued a claim against Grigsby, alleging:

> Count 5. The Bankruptcy Trustee Breached her fiduciary duties to the Creditor's and Debtor. The trustee under the bankruptcy statutes owes fiduciary duties both to the debtor and the creditor's. Subsequently engaged in deception, misrepresentation and self-dealing. When not providing any intervention in the lost of assets to the chapter-13 estate of the Martha Akers, without benefit to the estate, creating hardship by mean of misrepresentation and deceptive litigation. The Trustee is held liable based on the agency theory. See Kiobel v. Royal Dutch Petro. Co., 621F.3d111, 195 (2d Cir. 2010)

Such conclusory allegations of a wrongful act do not pass muster under the requirements for stating a claim upon which relief can be granted. Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a claim for relief may not rest on mere conclusions, but must assert specific facts; and the claim for relief must be "plausible." Because the complaint so plainly is not one pleading a claim upon which relief can be granted against Grigsby, the court will not have the Clerk issue a summons directing Grigsby to respond to the complaint. Instead, the court will dismiss the complaint without prejudice as to Grigsby.

In accordance with the foregoing, it is

ORDERED that the Clerk shall not issue a summons requiring Nancy Spencer Grigsby, Chapter 13 Trustee, to respond to the complaint (Dkt. No. 1). It is further

ORDERED that the complaint (Dkt. No. 1) is dismissed without prejudice as to Nancy Spencer Grigsby, Chapter 13 Trustee.

[Signed and dated above.]

Copies to: All counsel of record.

1368 H Street, LLC
c/o John E. Arness, II, Esq.
4725 Wisconsin Ave, NW Suite 250
Washington, D.C. 20017

Kristen M. Siracusa
DC Federal Bar No. MD28984
Miles & Stockbridge P.C.
100 Light Street, 10th FL
Baltimore, MD 21202